**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-44714 |
| | ) | |
| Gregory and Cristina Rice | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

**FIRST APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF JODI E. GIMBEL AND JODI E. GIMBEL,P.C., ACCOUNTANTS FOR THE TRUSTEE**

Jodi E. Gimbel and Jodi E. Gimbel, P.C., accountants for Trustee, pursuant to §330 of the United States Bankruptcy Code, requests the entry of an order allowing and directing payment to Jodi E. Gimbel and Jodi E. Gimbel, P.C. an award of $1137.50 as final compensation for 6.90 hours of accounting services rendered and reimbursement of expenses in the amount of $76.85 during the period June 20, 2007 through July 9, 2007. Jodi E. Gimbel has been paid $1,085.00 for interim fees and $76.85 for expenses. The Trustee seeks payment of the remaining balance of $52.50 and a final award of all compensation. In support of its application, Jodi E. Gimbel and Jodi E. Gimbel, P.C., respectfully states as follows:

**BACKGROUND REGARDING COMMENCEMENT OF PROCEEDINGS**

On October 6, 2005, Gregory and Cristina Rice commenced a voluntary petition under Chapter 7 of the United States Bankruptcy Code ("Code").

**RETENTION OF JODI E. GIMBEL, P.C.**

1. On June 29, 2007, this Court entered an Order granting the Trustee's motion to employ Jodi E. Gimbel and Jodi E. Gimbel, P.C., as accountants for the Estate. A

copy of said Order is available on the Court's docket.

### ALL SERVICES PERFORMED BY JODI E. GIMBEL AND JODI E. GIMBEL, P.C. WERE REASONABLE AND NECESSARY

2. Pursuant to §330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of Jodi E. Gimbel's services are compensable and the compensation requested is fair and reasonable. All the accounting services performed by Jodi E. Gimbel, P.C., to date were authorized by this Court and were performed by Gimbel at the request or direction of the Trustee.

There has been no duplication of services by Jodi E. Gimbel and Jodi E. Gimbel, P.C., professionals for which compensation is requested herein.

3. An itemized and detailed description of the specific services rendered to the Trustee by Jodi E. Gimbel and Jodi E. Gimbel, P.C., are reflected on the billing statement attached hereto as Exhibit A. The billing statement sets forth the initials of the professional and the amount of time spent rendering each service, the day on which such service was rendered and a description of the nature of the services rendered.

### NATURE OF SERVICES PERFORMED BY JODI E. GIMBEL AND JODI E. GIMBEL, P.C.

Jodi E. Gimbel and Jodi E. Gimbel, P.C., reviewed all the documents concerning the Debtor's tax returns to determine whether the Estate incurred any tax liability as a result of the Trustee's settlement of numerous interests in assets. Jodi E. Gimbel and Jodi E. Gimbel, P.C., also prepared the tax returns for the Estate.

In connection with the above services, Jodi E. Gimbel and Jodi E. Gimbel, P.C.,

expended 6.90 hours, for which it seeks compensation in the total amount of $1137.5. as final compensation for 6.90 hours of accounting services rendered and reimbursement of expenses in the amount of $76.85.  Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| J. Gimbel | 6.90 Hours | $175.00 | $1214.35 |

## **CONCLUSION**

4.  The rates charged by Jodi E. Gimbel and Jodi E. Gimbel, P.C., in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

5. Jodi E. Gimbel and Jodi E. Gimbel, P.C., has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by Gimbel for services rendered to the Trustee in this case.

6.  More than 120 days has elapsed since the commencement of this case and Jodi E. Gimbel, P.C., has not filed any prior applications for compensation or reimbursement of expenses.  Accordingly, pursuant to §330 of the Code, Jodi E. Gimbel, P.C., may represent this application for final compensation.

WHEREFORE, Jodi E. Gimbel and Jodi E. Gimbel, P.C., requests the entry of an order:

    A. Allowing and directing payment to Jodi E. Gimbel, P.C., compensation in the amount of $1137.05 as final compensation of which she has already received $1,085.00 as interim compensation for 6.90 hours of accounting services rendered; and a final award of reimbursement of expenses in the amount of $76.85 of which she has already received $76.85 as an interim award for the actual, necessary and valuable professional services rendered to the Trustee during the period of June 20, 2007 through July 9, 2007.

    B. For such other and further relief as this Court deems appropriate.

    Respectfully submitted by

    Ilene F. Goldstein

    By: /s/ Ilene F. Goldstein

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
850 Central Ave, Suite 200
Highland Park, Illinois 60035
(847) 926-9595